```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION


Benjamin Laws, Jr., et al.,   :

        Plaintiffs,            :

    v.                         :       Case No. 2:12-cv-544

Stevens Transport, Inc.,       :       JUDGE GREGORY L. FROST
et al.,                                Magistrate Judge Kemp

        Defendants.            :
```

OPINION AND ORDER

This is a personal injury case arising out of a motor vehicle accident. According to the parties, the accident occurred in Lima, Ohio when plaintiff Benjamin Laws' rental car and a truck owned by defendant Stevens Transport and driven by defendant Charles G. Dunn, III collided.

The parties have reached an impasse over this issue: must certain photographs taken on the day of the accident be turned over to the plaintiffs? There is no question that plaintiffs have asked for all such photographs, nor any question that defendants have not produced all the ones in their possession. The legal impediment to producing the withheld photographs is, according to defendants, the work product doctrine. For the following reasons, the Court agrees and will deny plaintiffs' motion to compel production of the photos in question.

I. The Facts

The parties do not appear to dispute the relevant facts. The accident happened on June 4, 2010. The only evidence about the photographs which defendants have withheld is found in an affidavit from defendants' counsel, Robert C. Buchbinder, which was filed as a supplemental exhibit (Doc. 40). According to that

affidavit, Mr. Buchbinder was contacted in some way (his affidavit does not say how) by "[r]epresentatives of the Defendants" that same day and asked to begin an investigation of the accident.  Mr. Buchbinder then hired Dave Helm, an investigator who works for Custard Insurance Adjusters.  Mr. Helm went out to the scene of the accident and took the photographs which plaintiffs want to see.  Several reports, with exhibits, prepared by Mr. Helm on the date of the accident are listed on defendants' privilege log.  The Court infers from defendants' memorandum in opposition (Doc. 38) that the photographs show the truck at the accident scene and the condition of the rental car "at a nearby lot ...."  See Doc. 38 at 6 ("Defendants further submit that if Plaintiffs are entitled to impose upon Defendants' work product, then the following limited photographs, if any, should be produced at Plaintiffs' reasonable expense:
1. Photographs taken of the Defendants' tractor trailer at the scene on June 4, 2010;  2. Photographs taken of Mr. Laws' rental car at a nearby lot on June 4, 2010").  The Court notes that there appear to be photos of the truck taken on the day of the accident which may have been produced, since in an email dated December 21, 2012, Mr. Buchbinder told plaintiffs' counsel that he would produce pictures taken by the adjuster of the "point of impact" area of the truck after it was moved.  See Doc. 37, Exhibit G.

There are other photographs of the accident.  Mr. Dunn took photos with his cell phone.  Those have been produced.  They all appear to show the accident scene prior to any vehicles being moved.  It also appears to be a fact (although the Court is unsure of the evidentiary basis for it, other than the fact that defendants have said it and plaintiffs have not refuted it) that the rental car was both unrepaired and available for some months after the accident, and at a time when plaintiffs were

-2-

represented by counsel.

## II. Work Product

The doctrine on which defendants rely was recognized by the Supreme Court in Hickman v. Taylor, 329 U.S. 495 (1947). The general contours of the work product doctrine have been incorporated into Fed. R. Civ. P. 26(b)(3), and is applicable when the prerequisites of that rule have been satisfied. The rule exempts from discovery information which is otherwise discoverable if it has been "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)...." The privilege can be overcome, however, if a party "shows that it has substantial need for the materials to prepare the case and cannot, without undue hardship, obtain their substantial equivalent by other means." Id. If the Court does direct that trial preparation materials be disclosed, the Court is required to guard against "disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation."

In determining whether the privilege is applicable either to documents or other protected information, the burden is placed initially upon the party seeking discovery to show that the information is "otherwise discoverable," which means simply that it is both relevant to the action and not subject to any other claim of privilege. Once that burden has been met, the party opposing discovery must then demonstrate that the document or information was "prepared in anticipation of litigation or for trial...." Nothing else is necessary in order to support a claim that Rule 26(b)(3) is applicable. Once that showing has been made, the burden shifts again to the party seeking discovery to demonstrate both substantial need for the information and undue hardship

in duplicating it elsewhere.

In the memorandum supporting the motion to compel, plaintiffs argue that the photographs are relevant - something defendants do not dispute - and that it was incumbent on defendants to come forward with evidence to show that they had been prepared in anticipation of litigation. Their reply brief focuses on the fact that defendants, in their memorandum in opposition, did not produce any evidence showing that the photos were taken at the direction of any defendant and in anticipation of litigation. They were correct in that assertion when it was made, but the subsequently-filed affidavit from Mr. Buchbinder cured that defect, and plaintiffs have not questioned its truthfulness. Accepting what Mr. Buchbinder has said, it is fairly clear that these photographs are work product. He has sworn that litigation was anticipated almost immediately after the accident - a not unreasonable assumption to make - and that he personally directed the investigation of the accident scene to be done with the expectation that he would some day be defending a lawsuit. Other courts have held that work product protection applies to photos taken under similar circumstances. While it may be true that "reports generated in the course of general investigations, even if litigation is arguably anticipated, are not entitled to work-product protection," see American Home Assur. Co. v. United States, 2009 WL 3245445, *2 (D.N.J. Oct. 7, 2009), "photographs of [an] accident scene ... which were taken ... on or shortly after the date of the accident [can] meet the elements of work product [if] they were prepared (1) in anticipation of litigation resulting from the accident and (2) by or for [the defendant]." Carnes v. Crete Carrier Corp., 244 F.R.D. 694, 699 (N.D. Ga. 2007). These photographs are just that.

   III. Substantial Need and Undue Hardship

Recognizing that the photographs might well have been taken at an attorney's direction and in anticipation of litigation, plaintiffs argue, in the alternative, that they can satisfy Rule 26(b)(3)(A)(ii), which, as quoted above, allow a party to obtain trial preparation materials through discovery by making a showing of substantial need for those materials and by showing that undue hardship would ensue if the party were to attempt to get them elsewhere.  Plaintiffs' argument on this point goes like this. Neither plaintiff Benjamin Laws nor the investigating police officers took any photographs at the accident scene.  The cell phone pictures taken by Mr. Dunn are of "limited quality."  (Doc. 37, at 5).  All of the vehicles, including the rental car, have now been repaired.  Defendants have raised, among others, the defense of failure to use a seat belt, and the pictures of the rental car may be pertinent to that defense.  Given that it is now impossible to obtain equivalent pictures by other means, and that it will impose a substantial hardship on plaintiffs not to be able to see or use these photos, the Court should order them to be produced.

Defendants do not argue that similar photographs can still be taken.  They do, however, argue that plaintiffs should not get the photographs now because they could have taken similar pictures in the month or two following the accident, and at a time when plaintiffs had retained counsel.  They assert this is so because the pictures they are withholding show damage to the rental car, which remained available for photographing for several months, and show the accident scene, which still exists (albeit without the vehicles present).  They also argue that the claim file and damage repair bills from Enterprise will reflect the extent and nature of the damage to the rental car.  Finally, they have invited the Court to view the pictures taken by Mr. Dunn, which, they say, rather than being of "limited quality,"

accurately show both where the vehicles were positioned and how each was damaged.  Should the Court not accept this argument, however, they ask to be reimbursed for their costs in having had these photographs taken.

    The plaintiffs must shoulder the burden of showing that they have substantial need of these photographs and that they are essentially unable to obtain their equivalent.  <u>Toledo Edison Co. v. G.A. Technologies</u>, 847 F.2d 335 (6th Cir. 1988).  In order to demonstrate substantial need for them, it is not enough just to say that they contain relevant information.  Rather, "[s]ubstantial need is clearly shown when the materials sought are essential to prove the discovering party's case, or where without the information a distinct advantage would accrue to the party having it."  <u>Georgine v. Amchem Products, Inc.</u>, 1994 WL 502475, *2 (E.D. Pa. Sept. 2, 1994).  Many courts, when analyzing this question, look to <u>Moore's Federal Practice</u> for the applicable standard; for example, in <u>Fletcher v. Union Pacific R.R. Co.</u>, 194 F.R.D. 666, 671 (S.D. Ca. 2000), the court, quoting 6 James Wm. Moore et al., <u>Moore's Federal Practice</u> §26.70[5][c], at 26-221 to 26-222 (3d Ed. 1999), held that "[t]he substantial need prong examines: 1) whether the information is an essential element in the requesting party's case and 2) whether the party requesting discovery can obtain the facts from an alternate source," and observed that "a party's desire to find corroborating evidence is insufficient to establish substantial need."  Using this type of standard, courts have denied a request to produce information protected by the work product doctrine if the requesting party "has not demonstrated that the information is integral to the preparation of its case."  <u>Baltimore Scrap Corp. v. David J. Joseph Co.</u>, 1996 WL 720785, *28 (D. Md. Nov. 20, 1996).

    Plaintiffs have not met this burden.  They have not argued

that without the pictures, they are unable to present a case of either liability or damages.  Presumably, if no one had taken any pictures at the scene, plaintiffs would still be able to put on proof that the accident was defendants' fault, and evidence concerning the extent of Mr. Laws' injuries.  Or, put another way, plaintiffs have not proved, or even suggested, that they cannot.  The pictures of the rental car might be helpful to their case, but they have not shown that they are "essential" or "integral."  This is not a case, for example, where plaintiffs have an expert telling them that "the ... police investigation is inadequate to support a reasoned opinion on significant aspects of the crash" and that only the photos would supply the necessary missing information.  See, e.g., Jensen ex rel. Jensen v. Cashin, 2008 WL 1439899, *2 (D. Vt. April 10, 2008).  Therefore, on the basis of the current record, the Court cannot find that plaintiffs have a substantial need for these photographs.

 The Court also questions (but need not decide) whether plaintiffs have met the other prong of the test for obtaining work product, which is the inability to obtain equivalent information without undergoing undue hardship.  Certainly, no one can disagree that "[a] verbal description of a given area cannot substitute for photographs of the location."  Zoller v. Conoco, Inc., 137 F.R.D. 9, 10 (W.D. La. 1991).  But here, plaintiffs can still take pictures of the accident location, so they do not have to rely solely on verbal descriptions of it which might "omit relevant information ...."  Id.  Additionally, they have pictures of the vehicles taken at the scene.  Again, they have offered no proof in support of the statement that these pictures are of "limited quality" - and they have the burden of proof on each element of the "substantial need" test.  Further, nothing suggests that the withheld photographs contain vital information which can be obtained only by viewing them, and not from the

other pictures or the accident report.  And there is no allegation or proof that Mr. Laws has no recollection, or only a vague one, of the accident.  Cf. Phillips v. Dallas Carriers Corp., 133 F.R.D. 475 (M.D. N.C. 1990)(court ordered work product related to accident produced where plaintiff suffered serious head injury and had no recollection of details of the crash).  Plaintiffs have also not responded to defendants' argument (which seems reasonable) that the nature and extent of damage to the rental car is shown in the paperwork relating to its repair.  All of this strongly suggests that, in fact, plaintiffs already possess the substantial equivalent of these photographs or can obtain that information readily and without undue hardship.  This conclusion makes it unnecessary to address defendants' further argument that plaintiff could also, through the exercise of diligence, have photographed the rental car at exactly the same location, and with the same damage, as Mr. Helm did, because it sat on Enterprise's lot for a significant period of time after being towed there, and even after plaintiffs retained counsel.

## IV.  Waiver by Mr. Dunn

Plaintiffs' final argument is that they sent the identical document request to both defendants, and only defendant Stevens Transport responded with an objection.  Mr. Dunn, who is represented by the same counsel, apparently retained by the insurer which covers both Stevens and himself, did not object.  Plaintiffs argue that he has as much right to control the photographs as does Stevens, since they were taken by an investigator hired by his insurance company, and his silence in the face of the document request constitutes a waiver of the work product claim.  Defendants' memorandum does not appear to address this argument directly, noting only that Mr. Dunn did not object because he produced the only photos he had, those taken with his cell phone.  There is no dispute that Stevens Transport objected

and listed these photos on its privilege log.

Plaintiff's argument strikes the Court as hypertechnical at best. While it may be true that "[b]y definition all rules of procedure are technicalities," see Torres v. Oakland Scavenger Co., 487 U.S. 312, 319 (1988)(Scalia, J., concurring), at the same time, the Rules of Civil Procedure are not generally designed "to create traps for the unwary," Ellison v. Conoco, Inc., 950 F.2d 1196, 1201 (5th Cir. 1992), but are to be interpreted in such a manner as to achieve "the just, speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1. From the procedural history recited above, it is clear that plaintiffs were not misled into believing that the defendants were waiving work product protection for these photographs, nor was it unreasonable for Mr. Dunn to believe that his and Stevens' counsel had adequately protected them by claiming, as part of Stevens' response to the document request, that they were work product and by listing them on a privilege log. This is especially so where plaintiffs appear to concede that Mr. Dunn did not physically possess the photographs and has, at most, some right to demand them from Stevens. Absent any case law suggesting that the Court should resolve this type of issue on the basis of this type of argument - the Court' research, by the way, has disclosed none, nor have plaintiffs cited to any - the Court prefers to take the issue head-on, and to decide its merits. It has done so here, and has resolved the question in favor of the defendants.

## V. Order

For the reasons set forth above, the Court denies plaintiffs' motion to compel discovery (Doc. 37).

## VI. Procedure for Reconsideration

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for

reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

   This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


                              /s/ Terence P. Kemp
                              United States Magistrate Judge