**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**BENJAMIN LAWS, JR., et al.,**

    **Plaintiffs,**

    v.

**STEVENS TRANSPORT, INC., et al.,**

    **Defendants.**

    **Case No. 2:12-cv-544
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp**

<u>**OPINION AND ORDER**</u>

This matter is before the Court for consideration of the following filings:

(1) a motion for partial summary judgment (ECF No. 59) filed by Defendants, a memorandum in opposition (ECF No. 65) filed by Plaintiffs, and a reply memorandum (ECF No. 68) filed by Defendants; and

(2) a motion for leave to file a surreply (ECF No. 71) filed by Plaintiffs, a memorandum in support (ECF No. 72) filed by Plaintiffs, a combined memorandum in opposition and contingent motion for leave to file a response to the surreply (ECF No. 74) filed by Defendants, and a reply memorandum (ECF No. 75) filed by Plaintiffs.[1]

For the reasons set forth below, the Court **GRANTS** Plaintiffs' motion for leave to file a

---

[1] The Court notes that the docket fails to indicate correctly select pending motions. After Plaintiffs filed their motion for leave to file a surreply (ECF No. 71), they then filed separately a memorandum in support of that motion. Plaintiffs' counsel incorrectly classified that memorandum as a motion during the electronic filing process, and as a result the memorandum appears as a pending motion on the docket. Additionally, when Defendants filed their memorandum in opposition to the motion for leave to file a surreply, they included as part of that filing a motion for leave to file a response to the surreply memorandum. (ECF No. 74.) That filing does not appear as a pending motion on the docket. The Clerk shall correct the docket to indicate that Plaintiffs' filing is a memorandum and not a motion (ECF No. 72) and that Defendants' combined filing is a motion (ECF No. 74).

surreply (ECF No. 71), **DENIES** Defendants' contingent motion for leave to file a response to the surreply (ECF No. 74), and **DENIES** Defendants' motion for partial summary judgment (ECF No. 59).

## I. Background

On June 4, 2010, Defendant Charles G. Dunn, III, was driving a tractor trailer in the right lane of a one-way street in Lima, Ohio. Plaintiff Benjamin Laws, Jr. was driving a car in the left lane of that same street when Dunn allegedly attempted to make a left turn from the right lane. The tractor trailer that Dunn was driving collided with the car that Laws was driving, and Laws sustained injuries.

Laws subsequently filed a five-count complaint in the Franklin County Common Pleas Court against Defendant Dunn and against the employers for which Dunn was driving the tractor trailer, Defendants Stevens Transport, Inc., Stevens Transport CD, Inc., and Stevens Transport T L, Inc. (collectively, "Stevens Transport"). (ECF No. 3.) Defendants removed that action to this Court in June 2012 (ECF No. 2), and they have since filed a motion for partial summary judgment (ECF No. 59). Laws and his wife, Plaintiff Chandra Laws, filed a motion for leave to file a surreply in connection with that summary judgment briefing. (ECF No. 71.) Finally, Defendants filed a motion for leave to file a response to the surreply, contingent on whether the Court permits the surreply. (ECF No. 74.) Briefing has closed on all three motions, which are ripe for disposition.

## II. Threshold Issues

Because Plaintiffs' motion for leave to file a surreply can affect the record, this Court is obligated to address that filing before ruling on Defendants' motion for partial summary

judgment. *See Brainard v. Am. Skandia Life Assurance Corp.*, 432 F.3d 655, 667 (6th Cir. 2005) ("a district court should dispose of motions that affect the record on summary judgment before ruling on the parties' summary judgment motions").  In the motion, Plaintiffs argue that they should be allowed to file a surreply because Defendants raised an argument for obtaining summary judgment for the first time in the reply memorandum.  Specifically, Plaintiffs assert that Defendants presented a new argument that Plaintiffs should have and failed to present required expert testimony to support the negligence claims at issue in the summary judgment motion.  Plaintiffs' surreply argues that no such expert testimony is required, in addition to providing and affidavit by and the report of Plaintiffs' expert, Brooks Rugemer.

Defendants dispute that they raised a new argument in their reply memorandum.  They assert that they raised in their initial summary judgment motion and memorandum in support that Plaintiffs lack any evidence that Stevens Transport knew or should have known that Dunn was purportedly incompetent so as to anticipate the alleged conduct that led to this litigation.  The reply memorandum's more specific focus on expert testimony would therefore be simply a refinement of the broad argument for summary judgment that evidence was lacking.  Defendants thus posit that Plaintiffs' reliance on their expert is simply a last-minute afterthought intended to salvage Count III.

At first blush, Defendants' reasoning has some superficial appeal.  An absence of any evidence argument no doubt implicitly includes as a subset an absence of expert testimony component.  But the circumstances of this case generally and the briefing specifically necessitate rejecting such a nuance-free analysis as dispositive.

This Court has previously recognized that " 'a district court responding to a request for

leave to file a sur-reply "routinely grants such motions when a party is unable to contest matters presented to the court for the first time in the last scheduled pleading." ' " *Koch v. County of Franklin*, No. 2:08-cv-1127, 2010 WL 2386352, at *4 (S.D. Ohio June 10, 2010) (quoting *Ben–Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003) (citation omitted)). This proposition weighs in favor of accepting for consideration Plaintiffs' proffered surreply.

Understanding the applicability of the foregoing proposition necessitates review of how this case has developed. Prior to the summary judgment briefing, the parties joined in asking this Court to extend the expert disclosure deadlines. The parties made this request despite the Court having previously admonished them to stop seeking additional modifications to the case schedule. Reluctantly, the Court agreed to accept the parties' schedule and extended the expert deadlines. Plaintiffs' deadline for making their initial expert disclosures became June 3, 2013. This deadline obviously fell after the existing summary judgment deadline of March 25, 2013, a fact which the Court found curious but nonetheless accepted as a result of crediting the parties with knowing what they were doing even if the rationale was not readily apparent to this Court.

Of course, the parties soon returned to this Court with yet another request to modify the case schedule. This time the parties sought to push back the summary judgment deadline once again, citing that the deadline fell after the expert disclosures and that resolution of a discovery dispute had delayed Plaintiffs' ability to respond to an anticipated motion for partial summary judgment by Defendants. (ECF No. 55.) The parties described the summary judgment deadline and expert disclosure deadlines issue as inadvertent.

This was a generous characterization of the scenario in which the parties had placed themselves in light of the history of the parties' problems with meeting the case schedule that

4

this Court summarized in a March 19, 2013 Order as follows:

> On August 29, 2012, the Magistrate Judge originally set a January 31, 2013 dispositive motions deadline. (ECF No. 12.) The next day, this Court repeated that deadline in an Order that established the remainder of the case schedule. (ECF No. 13.) On November 21, 2012, Defendants filed a motion to modify the trial date. (ECF No. 33.) When this Court subsequently held a November 27, 2012 telephone conference on that motion, the parties took advantage of the opportunity to orally request modification of what this Court recognized as "every single case schedule deadline remaining in this litigation." (ECF No. 35, at PAGEID # 149.) The Court accepted the schedule that the parties requested and memorialized that schedule in its November 28, 2012 Order. (ECF No. 35.) That Order expressly noted that the amended deadlines were "firm deadlines" and cautioned the parties to "coordinate all discovery so that the . . . deadlines are met without additional requests for modification of the case schedule." (ECF No. 35, at PAGEID # 150.)
>
> The requested changes including moving the dispositive motions deadline to March 25, 2013. This change made little sense to the Court given that the requested expert disclosure dates now fell after the summary judgment deadline, but this Court accepted the parties' representations and credited the parties with knowing what they were doing.
>
> On February 19, 2013, the parties again asked the Court to modify the case schedule. (ECF No. 48.) This request specifically targeted only the expert deadlines. Despite its admonition in the November 28, 2012 Order that the amended deadlines were firm deadlines, the Court granted the requested modifications to the case schedule. (ECF No. 51.)

(ECF No. 56, at Page ID # 365-66.) The Court denied the latest request to modify the case

schedule with the following explanation:

> As this summary of the procedural history indicates, the parties were responsible for the selection of the dispositive motions deadline. After imposition of this deadline, the parties again came before this Court to modify the case schedule they had requested, but they failed to seek modification of the dispositive motions deadline. Their assertion that the failure to seek modification of the March 25, 2013 dispositive motion deadline was inadvertent does not provide good cause for disturbing a deadline they requested. The parties have long been on notice of this already amended deadline and it is their own conduct that has made this deadline potentially problematic for them.
>
> This last point informs the parties' pointing to the Magistrate Judge in their motion. Review of the docket indicates that Plaintiffs filed a motion to compel (ECF

5

>No. 37) on January 10, 2013, which the Magistrate Judge addressed in a February 19, 2013 Opinion and Order (ECF No. 49). On February 15, 2013, Defendants filed a motion opposing discovery and to strike select discovery requests (ECF No. 46) and Plaintiffs filed another motion to compel (ECF No. 47). The Magistrate Judge addressed both motions in his March 8, 2013 Opinion and Order. (ECF No. 54.) There is no indication that the Magistrate Judge has been anything other than diligent in timely and capably addressing the discovery disputes, and there is no reason why his orders warrant disruption of the existing dispositive motions deadline. The parties in fact came to this Court for modification of the case schedule while all three of their discovery motions were pending, yet they failed to ask for modification of the dispositive motions deadline at that time.
>
>   The Court also recognizes that in speculating about Plaintiffs' alleged inability to respond to a not yet even filed motion for partial summary judgment as good cause for altering the case schedule, the parties are attempting to circumvent the Federal Rules of Civil Procedure. Rule 56(d) already provides a mechanism for addressing when discovery issues complicate consideration of a motion for summary judgment. Plaintiffs could invoke the procedures in that rule if they are able to meet the standard set forth therein. Attempting to evade that standard by mutual agreement is both unnecessary and unpersuasive.
>
>   The parties requested a deadline and repeatedly failed to seek modification of it while returning to this Court for modification of other deadlines. Now, only days prior to the dispositive motions deadline, they seek to change that deadline based on essentially self-inflicted and unconvincing reasons that fail to constitute the requisite good case under Federal Rule of Civil Procedure 16(b)(4). Such unwarranted modification would also have a problematic domino effect on the final pretrial conference and trial dates because this Court has scheduled the time it needs to coordinate working on any motion in this litigation with other motions in other cases. Accordingly, the Court **DENIES** the March 18, 2013 joint motion to amend the dispositive motions deadline. (ECF No. 55.)

(*Id.* at Page ID # 366-68.) With the established case schedule controlling, this Court assumed that the parties would throw up no additional roadblocks to proceeding to the disposition of this case.

The Court was naive. On March 25, 2013, Defendants filed their motion for partial summary judgment. (ECF No. 59.) Plaintiffs thereafter responded with a motion to extend the time for filing a memorandum in opposition, citing the need to take a deposition to enable them

6

to respond to Defendants' motion; Defendants agreed to the extension request. (ECF No. 61.) Plaintiffs also submitted a proper request for additional time under Federal Rule of Civil Procedure 56(d). (ECF No. 62.) The Court granted the extension in an April 16, 2013 Order. (ECF No. 63.)

All of this leads to several main points.

First, arguing that a party lacks evidence (lay or otherwise) is not necessarily the same things as arguing that a party must present expert, or opinion, testimony to support one or more claims. Assuming *arguendo* that Defendants did raise the issue of expert testimony being required for the first time in the reply memorandum, Plaintiffs should be entitled to file a surreply and rely on the affidavit and report of their expert. Because litigation by ambush is disfavored, fairness favors the surreply.

Second, even assuming *arguendo* that Defendants' motion for summary judgment and its memorandum in support did fairly raise a lack of expert evidence issue by asserting a general lack of evidence argument, the expert testimony upon which Plaintiffs seek to rely in their surreply arose after the summary judgment briefing had closed–and it did so based in part on Defendants' agreeing to such a schedule. This is an odd scenario, but one in which fairness again favors permitting the surreply, albeit for a slightly different reason than in the prior paragraph.

Defendants' contention that because Plaintiffs did not assert in their extension request of the summary judgment briefing that they wanted to rely on expert testimony does not puncture the fairness of permitting the surreply. The parties had already tried to alter the summary judgment briefing schedule once to accommodate the expert disclosure schedule, and this Court

denied that request.

Equally unpersuasive is Defendants' contention that Plaintiffs' expert fails to provide sufficient detail in his affidavit to support his conclusions. This speaks to the weight to be afforded the opinion testimony and not to whether the filing of the surreply is warranted. Moreover, as noted, the incorporated expert report informs the affidavit.

Third, unlike Plaintiffs' proffering a surreply with their motion for leave, Defendants have failed to proffer a responsive memorandum with their contingent motion for leave to file such a brief if the Court accepts the surreply. What this means is that Defendants would again delay consideration of their motion for partial summary judgment if the Court were to permit additional briefing.[2] Defendants could and should have avoided such delay by submitting a memorandum as an attachment to their motion for leave. By failing to do so, Defendants essentially again seek to modify the case schedule, despite having failed to demonstrate good cause for doing so. Although Plaintiffs do not oppose the filing of an additional brief, a simple lack of opposition does not present the good cause that is lacking.

Fourth, the last granted extension the Court discussed above–pushing back consideration of the summary judgment motion to enable reliance on a deposition–was ultimately pointless. The extension enabled Plaintiffs to take and use for summary judgment purposes the deposition of a Stevens Transport's corporate representative, William F. Tallent. Plaintiffs have relied on this deposition extensively in their memorandum in opposition to Defendants' motion for partial summary judgment (ECF No. 65), and Defendants also have relied on the deposition in their

---

[2] Defendants also ask to depose Rugemer. Plaintiffs' reply memorandum indicates that this deposition was scheduled for July 9, 2013. It appears that the request is therefore moot.

reply memorandum (ECF No. 68). But the parties' reliance is erroneous because the Court cannot consider the Tallent deposition transcripts upon which the parties rely.

In connection with their memorandum in opposition, Plaintiffs filed two versions of the Tallent deposition transcript on May 17, 2013, one incomplete version (ECF No. 65-1) and one complete version (ECF No. 66). Defendants failed to file a copy of the deposition transcript and instead apparently cite to one of the two versions that Plaintiffs filed. The problem is that the first version that Plaintiffs filed lacks a court reporter certification page altogether while the second version they filed contains an unsigned court reporter certification page.

A signed court reporter certification is an "essential portion[] of [the] transcript[]." S. D. Ohio Civ. R. 7.2(e). A deposition transcript that lacks such a signed court reporter certification fails to qualify as proper summary judgment evidence under Federal Rule of Civil Procedure 56. *See* Fed. R. Civ. P. 30(f)(1); *Soliday v. Miami County, Ohio*, No. C-3-91-153, 1993 WL 1377511, at *5 n.4 (S.D. Ohio Nov. 22, 1993) (stating that "the Court cannot consider" deposition testimony referenced in summary judgment reply memorandum but not filed with court); *Moore v. Florida Bank of Commerce*, 654 F. Supp. 38, 41 n.2 (S.D. Ohio 1986) (unauthenticated deposition is not proper material under Rule 56); *Podlesnick v. Airborne Express, Inc.*, 550 F. Supp. 906, 910 (S.D. Ohio 1982) (depositions not filed with court but referred to in summary judgment memoranda were not considered in court's decision). *See also Orr v. Bank of America, NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002) (discussing unauthenticated deposition extracts). The Court therefore cannot consider either version of the Tallent deposition transcript in its summary judgment analysis. (ECF Nos. 65-1, 66.)

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion for leave to file a

9

surreply (ECF No. 71) and **DENIES** Defendants' contingent motion for leave to file a response to the surreply (ECF No. 74). The Clerk shall detach the proffered surreply and its exhibits, which Plaintiffs filed as attachments to the memorandum in support of the motion for leave, and place them on the docket. (ECF No. 72-1.)

### III. Discussion

#### A. Standard Involved

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *See Muncie Power Prods., Inc. v. United Tech. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In viewing the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party, which must set forth specific facts showing that there is a genuine issue of material fact for trial. *Id.* (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided

that one party must prevail as a matter of law.' " *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52).

**B. Analysis**

*1. Count III*

Plaintiffs assert in Count III of the complaint state law claims for negligent hiring, retention, and supervision, as well as claims for negligent training and negligent entrustment. The Sixth Circuit has explained that

> Ohio law requires that a plaintiff prove the following five elements to impose liability upon an employer for a claim of negligent hiring, supervision and retention: (1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's knowledge of the employee's incompetence; (4) the employee's act or omission causing the plaintiff's injuries; and (5) a causal link between the employer's negligence in hiring, supervising, and retaining the plaintiff's injuries.

*Estate of Barney v. PNC Bank, Nat'l Ass'n*, 714 F.3d 920, 929 (6th Cir. 2013) (citing *Lehrner v. Safeco Ins./American States Ins. Co.*, 171 Ohio App.3d 570, 583, 872 N.E.2d 295, 305 (2007). As the parties correctly note in their briefing, some Ohio courts have found that these same elements apply to a negligent training claim. *See Johnson v. Swift Transp. Co. of Arizona*, No. 3:10-CV-352, 2013 WL 796147, at *7 (S.D. Ohio Mar. 4, 2013) (citing *Ford v. Brooks*, No. 11AP-664, 2012 WL 760741, at *6 (Ohio App. Mar. 8, 2012), for the proposition that "the elements required to prove a claim of negligent hiring and supervision also apply to a claim of negligent training"). Finally, another judicial officer in this Circuit has explained that

> [t]he Ohio Supreme Court has defined the elements of a negligent entrustment claim:
>
> > The owner of a motor vehicle may be held liable for an injury to a third person upon the ground of negligence if the owner knowingly, either through actual knowledge or through knowledge implied from known facts and circumstances, entrusts its operation

11

> to an inexperienced or incompetent driver whose negligent operation results in the injury.
>
> *Gulla v. Straus*, 154 Ohio St. 193, 193, 93 N.E.2d 662 (1950). Negligent entrustment liability in Ohio "is generally confined to cases where [the owner] entrusts his motor vehicle to one whose appearance or conduct is such as to indicate his incompetency or inability to operate the vehicle with due care." *Grieser v. Montgomery*, No. 3:11CV587, 2012 WL 1906379, at *5 (N.D. Ohio, May 25, 2012), unpublished, quoting *Gulla*, 154 Ohio St. at 199, 93 N.E.2d 662. Where an entrustee's incompetence is not apparent to the entruster, "it must be affirmatively shown that the entruster had at that time knowledge of such facts and circumstances relating to the incompetency of the entrustee to operate the motor vehicle as would charge the entruster with knowledge of such incompetency." *Id.*

*Hurst v. Estate of Ziriada*, No. 5:11CV00667, 2013 WL 2153281, at *8 (N.D. Ohio May 15, 2013). *See also Arnieri v. Cornhoff*, No. 1:11 CV 1897, 2012 WL 5334734, at *5 (N.D. Ohio Oct. 26, 2012).

Stated simply, the common threads among all of these claims for purposes of the instant analysis is essentially whether Dunn was incompetent and whether Stevens Transport knew or should have known this fact and nonetheless enabled Dunn so as to be held responsible.

Regardless of whether Ohio law *requires* expert testimony to answer these questions, an issue the parties dispute, and regardless of whether a negligent training claim falls only under the elements of traditional negligence, Plaintiffs have presented expert testimony in the form of the Brooks Rugemer affidavit and the expert report that the affidavit incorporates that informs the claims. (ECF No. 72-1.) Together this evidence indicates that Dunn failed to act as a reasonable and prudent truck driver on June 4, 2010, that he was responsible for the accident on that date, and that this conduct was reasonably foreseeable to Stevens Transport based on its knowledge of Dunn's prior driving and multiple accidents. Rugemer also indicates that Stevens Transport failed to act in a reasonable and prudent manner by allowing Dunn to drive as their agent, that

the training and remedial retraining that Stevens Transport provided Dunn was deficient, and that it was reasonably foreseeable to Stevens Transport that Dunn's dangerous driving habits would lead to serious injury or death.

For summary judgment purposes, it does not matter whether Rugemer is correct or incorrect in his opinions. Neither does it matter what weight this Court would assign his opinions nor even that Defendants have pointed to evidence (mainly through Dunn's often unspecific testimony) intended to establish the adequacy and effectiveness of Dunn's training and Stevens Transport's confidence in him. What matters here is whether the evidence, construed in a light in which all reasonable inferences are drawn in favor of Plaintiffs, means that Plaintiffs have set forth specific facts showing that there is a genuine issue of material fact for trial. Plaintiffs have, which means that the evidence presents a sufficient disagreement to require submission to a jury. Accordingly, Defendants are not entitled to summary judgment on Count III.

### 2. *Punitive Damages*

Defendants also seek summary judgment on Plaintiffs' request for punitive damages, which covers several of Plaintiffs' claims. The Sixth Circuit had explained that

> [u]nder Ohio law, in order to recover punitive damages for a negligence claim . . ., the plaintiff must establish, by clear and convincing evidence, that "the actions or omissions of [the] defendant demonstrate malice or aggravated or egregious fraud." Ohio Rev.Code Ann. §§ 2315.21(C)(1), 2315.21(D)(4), 3721.17(I)(2)(b). Malice is divided into two categories: "(1) that state of mind under which a person's conduct is characterized by hatred, ill will, or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." *Preston v. Murty*, 32 Ohio St.3d 334, 336, 512 N.E.2d 1174 (1987). . . .
>
> The "conscious disregard" type of malice "requires the party to possess knowledge of the harm that might be caused by his behavior." *Malone v. Courtyard*

13

> *by Marriott L.P.*, 74 Ohio St.3d 440, 446, 659 N.E.2d 1242 (1996).  Because "it is rarely possible to prove actual malice otherwise than by conduct and surrounding circumstances," "actual malice can be inferred from conduct and surrounding circumstances which may be characterized as reckless, wanton, willful or gross." *Villella v. Waikem Motors, Inc.*, 45 Ohio St.3d 36, 37, 543 N.E.2d 464 (1989) (quotations omitted).

*Freudeman v. Landing of Canton*, 702 F.3d 318, 330 (6th Cir. 2012).  The crux of Defendants' argument is that, in light of the foregoing standard, Plaintiffs cannot show the requisite aggravating circumstances that would entitle Plaintiffs to an award of punitive damages.

Plaintiffs dispute this contention.  They argue that reasonable minds could differ on whether Defendants were aware that their actions had a great probability of causing substantial harm and whether Defendants consciously disregarded the rights and safety of the injured party.

The issues of fact recognized above directly inform the issue of punitive damages. Consequently, the Court concludes that Defendants are not entitled to judgment on punitive damages at this time.

## IV. Conclusion

The Court **GRANTS** Plaintiffs' motion for leave to file a surreply (ECF No. 71), **DIRECTS** the Clerk to file the proffered surreply and its exhibits on the docket (ECF No. 72-1), **DENIES** Defendants' contingent motion for leave to file a response to the surreply (ECF No. 74), and **DENIES** Defendants' motion for partial summary judgment (ECF No. 59).

**IT IS SO ORDERED**.

       /s/ Gregory L. Frost
    GREGORY L. FROST
    UNITED STATES DISTRICT JUDGE