IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BENJAMIN LAWS, JR., et al.,**

    **Plaintiffs,**

    v.                                Case No. 2:12-cv-544
                                        JUDGE GREGORY L. FROST
                                        Magistrate Judge Terence P. Kemp

**STEVENS TRANSPORT, INC., et al.,**

    **Defendants.**

## ORDER

    This matter is before the Court for consideration of the following filings:

    (1) Plaintiffs' motion *in limine* to exclude certain opinions of defense expert Lane S. Vaningen (ECF No. 96) and Defendants' memorandum in opposition (ECF No. 128);

    (2) Plaintiffs' motion *in limine* to exclude other accidents or traffic citations involving Benjamin Laws, Jr. (ECF No. 97) and Defendants' memorandum in opposition (ECF No. 127);

    (3) Plaintiffs' motion *in limine* to regarding a claimed failure to utilize a seatbelt by Benjamin Laws, Jr. (ECF No. 98) and Defendants' memorandum in opposition (ECF No. 125);

    (4) Plaintiffs' motion *in limine* to exclude Benjamin Laws, Jr.'s prior medical history (ECF No. 99) and Defendants' memorandum in opposition (ECF No. 127);

    (5) Plaintiffs' motion *in limine* to exclude Benjamin Laws, Jr.'s prior drug use or addiction (ECF No. 100) and Defendants' memorandum in opposition (ECF No. 127);

    (6) Plaintiffs' motion *in limine* to exclude Benjamin Laws, Jr.'s prior criminal history and convictions (ECF No. 101) and Defendants' memorandum in opposition (ECF No. 126);

    (7) Plaintiffs' omnibus motion *in limine* (ECF No. 102) and Defendants' memorandum in opposition (ECF No. 131);

(8) Plaintiffs' motion *in limine* to exclude certain opinions of defense expert Douglas R. Morr (ECF No. 103) and Defendants' memorandum in opposition (ECF No. 129);

(9) Plaintiffs' motion *in limine* to exclude comparative fault of Benjamin Laws, Jr. in causing collision (ECF No. 104) and Defendants' memorandum in opposition (ECF No. 130);

(10) Defendants' motion *in limine* to exclude life care planner, Sheryl Bunce (ECF No. 119) and Plaintiffs' memorandum in opposition (ECF No.137); and

(11) Defendants' motion *in limine* to prevent Plaintiffs herein from presenting cumulative testimony and to prevent certain designated experts from expressing opinions outside of their fields of expertise (ECF No. 120) and Plaintiff's memorandum in opposition (ECF No. 138).

The Court shall address each motion in turn.

## I. Standard Involved

A motion *in limine* is a pre-trial mechanism by which this Court can give the parties advance notice of the evidence upon which they may or may not rely to prove their theories of the case at trial. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). To obtain the exclusion of evidence under such a motion, a party must prove that the evidence is clearly inadmissible on all potential grounds. *See Ind. Ins. Co.*, 326 F. Supp. 2d at 846; *Koch*, 2 F. Supp. 2d at 1388; *cf. Luce*, 469 U.S. at 41. Additionally, "[u]nless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

Any ruling on a motion *in limine*, however, is "no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court, and the district court may

change its ruling where sufficient facts have developed that warrant the change." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). Therefore, this Court will entertain objections on individual proffers of evidence as they arise at trial, even though the proffered evidence falls within the scope of a denied motion *in limine*. *See id.*; *see also United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) (citing *Luce*, 469 U.S. at 41)).

## II. Discussion

**A. Plaintiffs' motion *in limine* to exclude certain opinions of defense expert Lane S. Vaningen (ECF No. 96)**

Plaintiffs seek to exclude testimony by Vaningen that Stevens Transport is a safe motor carrier with a satisfactory general safety performance. They argue that because these general concerns are not relevant to the requisite particularized inquiry regarding the company's specific knowledge about and conduct related to Dunn, Conclusion 2 of the expert report is essentially inadmissible character evidence. At best, the general overview of the company and its policies (which would apply to Dunn) provides some degree of context in which other testimony regarding Dunn specifically can fit. The Court concludes that this evidence is of some relevance, is not prejudicial, and is would not be offered as admissible character evidence. In contrast, Plaintiffs' argument in regard to Conclusion 4 fares better. Vaningen is not qualified and it is not his role to opine on the appropriateness of punitive damages in Conclusion 4. The Court therefore **GRANTS IN PART** and **DENIES IN PART** the motion.

**B. Plaintiffs' motion *in limine* to exclude other accidents or traffic citations involving Benjamin Laws, Jr. (ECF No. 97)**

Plaintiffs argue that evidence of Laws' involvement in other accidents or his receipt of

traffic citations does not inform the issue of liability in this litigation. It appears that Defendants do not intend to introduce such evidence for anything but relatively narrow purposes. Other accidents might inform the issues of causation and damages in that injuries that Laws sustained in connection with prior or subsequent accidents may be relevant to his claimed physical and cognitive impairments. The Court **GRANTS IN PART** and **DENIES IN PART** the motion.

**C. Plaintiffs' motion** *in limine* **to regarding a claimed failure to utilize a seatbelt by Benjamin Laws, Jr. (ECF No. 98)**

There is contradictory evidence as to whether Benjamin Laws was wearing his seatbelt at the time of the accident at issue in this litigation. Although Plaintiffs argue that Defendants' evidence on the issue is speculative, the evidence cited by Defendants constitutes circumstantial evidence from which a jury may draw an inference. Pursuant to Ohio Revised Code § 4513.263(F)(1), Defendants may introduce this evidence implying that Laws was not wearing his seatbelt only for the limited purpose of arguing that the failure contributed to the harm asserted in this case so as to diminish any recovery of compensatory damages that represents non-economic loss. The Court therefore **DENIES** that part of the motion that seeks to exclude any reference to the seatbelt but **GRANTS** the motion to the extent that Plaintiffs alternatively request imposition of the damages limitation.

**D. Plaintiffs' motion** *in limine* **to exclude Benjamin Laws, Jr.'s prior medical history (ECF No. 99)**

Plaintiffs argue that Laws' prior medical history is irrelevant to any issue in this litigation. Carefully parsing the words of Defendants's experts, Plaintiffs assert that no expert attributes his current injuries or symptoms to pre-existing medical conditions. A fair reading of

4

the opinion testimony, especially the supplemented testimony, indicates that the witnesses involved hold such opinions, although they have expressed them in notably qualified terms.  This is fodder for cross-examination, not for exclusion.  The Court **DENIES** the motion.

**E.  Plaintiffs' motion *in limine* to exclude Benjamin Laws, Jr.'s prior drug use or addiction (ECF No. 100)**

Plaintiffs argue that all evidence of Laws' prior use of drugs and his addiction is irrelevant and unduly prejudicial.  Defendants note that their experts cite Laws' prior substance abuse as informing his claimed physical and cognitive issues.  The potential probative value of this evidence outweighs the danger of prejudice.  The Court **DENIES** the motion.  Defendants cannot and state that they will not introduce this evidence to impugn Laws' character, and Plaintiffs are free to suggest a limiting instruction to offset any concerns they may have that the jury might misuse the evidence.

**F.  Plaintiffs' motion *in limine* to exclude Benjamin Laws, Jr.'s prior criminal history and convictions (ECF No. 101)**

This Court agrees with Defendants that Laws' incarceration and his prison medical records are appropriate evidence, especially depending upon Laws' testimony at trial.  The probative value of this evidence in establishing necessary context outweighs any risk of prejudicial impact.  The exact nature of his convictions is not relevant, however, and is therefore appropriate evidence.  Because Plaintiffs seek to exclude all of this material, the Court **DENIES** the motion.  Defendants should take care to avoid the introduction of evidence or argument related to the nature of Laws' convictions.  If the issue of impeachment arises at trial, counsel should confer with the Court at sidebar before introducing evidence or argument regarding the

nature of Laws' convictions.

### G. Plaintiffs' omnibus motion *in limine* (ECF No. 102)

In this multi-part, largely pointless motion, Plaintiffs target eleven matters. The Court resolves each matter as follows:

(1) This Court **DENIES** the motion in regard to "all it takes to file a lawsuit" comments. Defendants state that, absent Plaintiffs raising the issue, Defendants have no intention to engage in voir dire questioning containing the comment that "anyone can file a lawsuit for anything" or any variation thereof. This moots the issue unless and until Plaintiffs open the door. Plaintiffs' contingent request for permission to discuss Federal Rule of Civil Procedure 12 and Rule 56 motions practice and frivolous lawsuits is therefore moot.

(2) The Court **DENIES** the motion in regard to references to Plaintiffs' fee arrangement. Defendants state that they do not intend to reference any fee arrangements Plaintiffs may have with counsel, which moots the issue unless and until Plaintiffs open the door. Plaintiffs should refrain from referencing their fee arrangement as well.

(3) This Court **DENIES** the motion in regard to references to collateral source payments. Defendants state that they do not intend to reference this topic, which moots the issue unless and until Plaintiffs open the door. Defendants remain free to introduce write-offs in accordance with Ohio law for the limited purposes of presenting evidence on the reasonableness of the charges and fees involved.

(4) The Court **DENIES** the motion in regard to the purported inflammatory comments that Plaintiffs address in their motion because Defendants represent that they have no intention of making these comments unless and until Plaintiffs open the door. As with all of the

prohibited or moot issues discussed herein, counsel should request a sidebar prior to introducing evidence or argument on these issues at trial

(5) This Court **DENIES** the motion in regard to comments placing the sole burden on Plaintiffs.  The parties agree that each side bears their respective burdens of proof, which moots the burdens issue.

(6) The Court **DENIES** the motion in regard to tax issues.  Defendants state that they do not intend to raise this topic, which moots the issue unless and until Plaintiffs open the door.

(7) This Court **DENIES** the motion in regard to lottery, "rolling the dice," or "only about the money" comments.  Defendants state that they do not intend to makes such statements, which moots the issue unless and until Plaintiffs open the door.

(8) The Court **DENIES** the motion in regard to the financial impact of any judgment.  Defendants state that they do not intend to raise the issue, which moots the issue unless and until Plaintiffs open the door.  Defendants suggest that the pursuit of punitive damages raises the issue.  The Court will discuss this issue with the parties at the final pretrial conference.

(9) This Court **GRANTS** the motion in regard to any reference to motions *in limine*, a disposition to which Defendants agree.  No party shall refer to the filing or content of the motions *in limine*.

(10) The Court **GRANTS IN PART** and **DENIES IN PART** the motion in regard to the introduction of new or non-disclosed expert, or opinion, testimony.  The parties are of course unable to introduce an expert's opinion testimony in contravention of the Federal Rules of Civil Procedure.  In the event that the second Laws deposition reveals new information that would lead to a supplemental expert opinion, the party seeking to introduce that opinion will likely be

permitted to do so but must immediately bring the issue to the attention of the opposing poarty and this Court.

(11) This Court **GRANTS** the motion in regard to its unnecessary request for a prohibition against calling witnesses that were not timely disclosed. No party may call witnesses in contravention of the Federal Rules of Civil Procedure and this Court's pretrial orders.

**H. Plaintiffs' motion *in limine* to exclude certain opinions of defense expert Douglas R. Morr (ECF No. 103)**

Plaintiffs argue that the Court should exclude the opinion testimony of Morr because it is based on unreliable methodology and because Ohio Revised Code § 4513.263(F)(1) prohibits any testimony related to seatbelt use. Relying upon a literature review, Morr essentially opined that in order for Laws to have hit the rearview mirror, he was not wearing his seatbelt at the time of the accident. Although arguably a close call in some respects–especially based on the materials before this Court–the Court recognizes that Plaintiffs' issue with Morr goes to the weight of his testimony and not its admissibility. Moreover, the Court has already discussed the application of the Ohio statute above. The Court **DENIES** the motion.

**I. Plaintiffs' motion *in limine* to exclude comparative fault of Benjamin Laws, Jr. in causing collision (ECF No. 104)**

Plaintiffs argue that there is no evidence in the record from which a jury may reasonably conclude that Laws was at fault in causing or contributing to the accident involved in this litigation. Thus, Plaintiffs reason, the Court should exclude any reference or argument as to wrongdoing by Laws. This rationale essentially asks this Court to credit Plaintiffs' evidence and to ignore the possibility that Defendants can and will introduce evidence to support of theory of

8

negligent conduct by Laws. Defendants suggest that the evidence supports that Laws negligently attempted to speed around and pass the tractor trailer on the left while the trailer was making an illegal left turn. Defendants also note that they have not yet made a determination on liability and suggest that it is premature to rule on the motion. The Court recognizes that the issue of negligence by Laws is perhaps one that will ultimately be taken away from the jury whether by an admission by Defendants prior to trial or a failure by Defendants to introduce sufficient evidence to support their theory at trial. Giving the expert reports their broadest reading and weighing all inferences in favor of Defendants, however, the Court **DENIES** the motion.

**J. Defendants' motion** *in limine* **to exclude life care planner, Sheryl Bunce (ECF No. 119)**

Defendants present a *Daubert* challenge to the testimony of Bunce, Plaintiffs' life care planner, and the life care plan she has prepared. Although Bunce's methodology was certainly not the preferred method–a point even she concedes–it is not lacking the information, principles, and methods that enable the introduction of this evidence at trial. Defendants' points speak to the weight to be afforded this evidence and do not present a sufficient rationale under *Daubert* or Federal Rule of Civil Procedure 702 to merit exclusion. The Court **DENIES** the motion.

**K. Defendants' motion** *in limine* **to prevent Plaintiffs herein from presenting cumulative testimony and to prevent certain designated experts from expressing opinions outside of their fields of expertise (ECF No. 120)**

Defendants seek to limit the introduction by Plaintiffs of what Defendants deem to be redundant testimony. Plaintiffs argue that the testimony they seek to introduce will not be redundant and note that, at least on some issues, they have no intention to elicit opinions from

9

various experts as Defendants apparently feared.  Once again, this Court is presented with a dispute without the benefit of having all of the possible evidence before it; in other words, the parties ask this Court to decide an issue in a partial vacuum.  This Court declines to accept the invitation to micro-manage Plaintiffs' presentation of their case, especially without the benefit of being privy to Plaintiffs' litigation strategy and all of the evidence involved.  The Court will revisit the issue at trial should the presentation of the evidence indeed suggest needless redundancy.  The Court **DENIES** the motion.

### III.  Conclusion

As with all *in limine* decisions, the foregoing rulings are subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motion and memoranda.

**IT IS SO ORDERED**.

                                                    /s/ Gregory L. Frost
                                      GREGORY L. FROST
                                      UNITED STATES DISTRICT JUDGE